**United States District Court**
**Middle District of Florida**
**Orlando Division**

**STEVE MARLON MARAGH,**

               **Petitioner,**

**-vs-**                             **Case No.  6:11-cv-234-Orl-19DAB**

**KATHY A. REDMAN, DISTRICT**
**DIRECTOR, ORLANDO, U.S.**
**CITIZENSHIP AND IMMIGRATION**
**SERVICES ("USCIS"), MARGARET**
**IGLESIAS, FIELD OFFICE DIRECTOR,**
**ORLANDO, USCIS; JANET**
**NAPOLITANO, SECRETARY, U.S.**
**DEPARTMENT OF HOMELAND**
**SECURITY; AND ERIC C. HOLDER, JR.,**
**U.S. ATTORNEY GENERAL,**

               **Respondents.**
_____

# ORDER

This case comes before the Court on the following:

1.  Motion to Dismiss and Memorandum of Law by Kathy A. Redman, Margaret Iglesias,

Janet Napolitano, and Eric C. Holder (Doc. No. 15, filed Apr. 18, 2011);

2.  Objection to Defendants' Motion to Dismiss and Memorandum of Law and Motion to

Strike by Steve Marlon Maragh (Doc. No. 16, filed May 10, 2011); and

3.  Motion for Hearing on Defendants' Motion to Dismiss and Memorandum of Law and

Plaintiff's Motion to Strike by Steve Marlon Maragh (Doc. No. 17, filed July 13, 2010).

## Background

Steve Marlon Maragh ("Petitioner") is a Jamaican national and citizen of the country of

Jamaica.  (Doc. No. 1 ¶ 2, filed Feb. 12, 2011.)  Petitioner was admitted to the United States as a

Lawful Permanent Resident (LPR) on December 11, 1997. (*Id*. ¶ 2.) On October 27, 2006, Petitioner filed his Form N-400, Application for Naturalization with the United States Citizenship and Immigration Services ("USCIS"). (*Id*. ¶ 3.) A USCIS officer interviewed Petitioner on May 7, 2007, and determined that Petitioner was not in possession of a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document because Petitioner had failed to disclose his marital status. (*Id*. ¶ 4.) The USCIS subsequently denied Petitioner's application for naturalization, and the Department of Homeland Security initiated removal proceedings against him. (*Id*. ¶ 5.) On September 17, 2009, Plaintiff's application for a waiver of removal was granted. (*Id*. ¶ 7.)

Petitioner filed a new Form N-400, Application for Naturalization with the USCIS on November 2, 2009. (*Id*. ¶ 8.) On December 13, 2010, a "Decision on Application for Naturalization" was issued denying Petitioner's application and stating that "[t]he record reflects your false testimony to a U.S. government official while applying for an immigration benefit," and that five years has not lapsed since the false testimony was given. (*Id*. at 20.) The Decision further provided that "[i]f you desire to request a review hearing on this decision pursuant to section 336(a) of this Act, you must file a request for a hearing within 30 days of the date of this notice. If no such request for [a] hearing is filed within the time allowed, the decision is final." (*Id*.) Petitioner did not request a hearing because "he strongly believe[d] that it would not yield a different result." (*Id*. ¶ 11.) On January 10, 2011, Petitioner appealed the denial of his naturalization application to the Board of Immigration Appeals ("BIA"). (*Id*. ¶ 12.) The USCIS acknowledge receipt of Petitioner's appeal on January 11, 2011. (*Id*. ¶ 13.)

On February 11, 2011, Petitioner filed the present Petition for Review of Denial of Application for Naturalization Pursuant to 8 U.S.C. § 1421(c) and Request for De Novo Hearing in this Court. (Doc. No. 1.) Petitioner contends that the USCIS's denial of his naturalization application violated his due process and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution. (*Id.* ¶ 14.) Petitioner seeks *de novo* judicial review of his naturalization application and contends that this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 8 U.S.C. § 1421(c).

On April 18, 2011, Defendants filed a Motion to Dismiss and Memorandum of Law arguing that this Court lacks jurisdiction to review the denial of Petitioner's application for naturalization because Petitioner failed to exhaust his administrative remedies prior to seeking judicial review under 8 U.S.C. § 1421(c). (Doc. No. 15 at 1.) Petitioner responded in opposition on May 10, 2011. (Doc. No. 16.)

### Standard of Review

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction. . . ." Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). *E.g.*, *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to the court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial challenge, the court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id*. at 1529. In a factual challenge, the court must determine if it has power to hear the case. *Id*. The court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id*.

## Analysis

Defendants maintain that this Court lacks subject matter jurisdiction over the present action because Petitioner failed to request a hearing before an immigration officer on the denial of his naturalization application and thus failed to exhaust his administrative remedies as required by 8 U.S.C. § 1421(c). (Doc. No. 15 at 1.) In response, Petitioner contends that his decision not to request a hearing before an immigration officer does not amount to a failure to exhaust his administrative remedies. (Doc. No. 16 at 8-9.)

Section 1421(c) provides that: "[a] person whose application for naturalization under this subchapter is denied, *after a hearing before an immigration officer under section 1447(a) of this Title*,[1] may seek review of such denial before the United States district court." 8 U.S.C. § 1421(c) (emphasis added). Similarly, 8 C.F.R. § 336.9 provides that "[a] Service determination denying an application for naturalization under section [1446] of the Act shall not be subject to judicial review until the applicant has exhausted those administrative remedies available to the applicant under

---

[1] Section 1447(a) provides that "[i]f, after an examination under section 1446 of this title, an application for naturalization is denied, the applicant may request a hearing before an immigration officer." 8 U.S.C. § 1447(a).

section [1447] of the Act."  8 C.F.R. § 336.9(d).  In the present case, Petitioner's application for naturalization was denied under section 1446; however, Petitioner concedes that he did not request a hearing before an immigration officer, an administrative remedy available to him under section 1447.

In response to the Motion to Dismiss, Petitioner maintains that he declined to pursue a hearing before an immigration officer because "he strongly believe[d] that, based on the precedent set by the USCIS, it would not yield a different result."  (Doc. No. 16 at 11.)  However, this Court is not permitted to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."  *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "Here, Congress has explicitly stated that a person seeking review of a naturalization application may only seek review in a federal district court 'after a hearing before an immigration officer under section 1447(a) of this title.'"  *Karam v. U.S. Citizenship & Immigration Servs.*, 373 F. App'x 956, 957 (11th Cir. 2010) (quoting 8 U.S.C. § 1421(c)).  While Petitioner argues that "[i]t is intuitively clear . . . that the statement in [section 1421(c)], '*after a hearing before an immigration officer under section 336(a)*, . . . speaks to the USCIS Order of Denial becoming final before an Applicant may seek judicial review in the District Courts and not a failure to exhaust administrative remedies," (Doc. No. 16 at 9), Petitioner provides no citation to authority or other argument to support such a reading of section 1421(c), which is contrary to the plain language of the statute.  *See United States v. Carrell*, 252 F.3d 1193, 1198 (11th Cir. 2001) ("In statutory construction, the plain meaning of the statute controls unless the language is ambiguous or leads to absurd results.").  Moreover, a hearing before an immigration officer was not required for the denial of Petitioner's application for naturalization to

become final.  Instead, the "Decision on Application for Naturalization" stated that, "[i]f no request for hearing is filed within the time allowed, this decision is final."  (Doc. No. 1 at 21.)

Petitioner does not dispute that he failed to comply with the statutory exhaustion requirements set forth in section 1421(c).  Accordingly, this Court lacks jurisdiction to review Petitioner's application for naturalization.  *See Roberts v. INS*, 372 F. App'x 921, 924 (11th Cir. 2010) (finding that the district court lacked subject matter jurisdiction to review the denial of petitioner's naturalization application where petitioner conceded that she did not challenge the decision in a hearing before an immigration officer as required by 8 U.S.C. § 1421(c)); *Al-Atiyeh v. Swacina*, 650 F Supp. 2d 1244, 1246 (S.D. Fla. 2009) (finding that federal courts have subject matter jurisdiction over naturalization applications where an applicant petitions for review of the denial in district court under section 1421(c), "but only after a hearing before an immigration officer under section 1447(a).").

## Conclusion

Based on the foregoing, the Motion to Dismiss and Memorandum of Law by Kathy A. Redman, Margaret Iglesias, Janet Napolitano, and Eric C. Holder (Doc. No. 15, filed Apr. 18, 2011) is **GRANTED**.  The Motion to Strike by Steve Marlon Maragh (Doc. No. 16, filed May 10, 2011) is **DENIED**.  The Motion for Hearing on Defendants' Motion to Dismiss and Memorandum of Law and Plaintiff's Motion to Strike by Steve Marlon Maragh (Doc. No. 17, filed July 13, 2010) is **DENIED as moot**.  The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July   19, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party